IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,606-02






EX PARTE JAYSON BRENT DICKINSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 45674A IN THE 400TH DISTRICT COURT


FROM FORT BEND COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
assault and two counts of unlawful possession of a firearm by a felon and sentenced to five years'
imprisonment on each count. The First Court of Appeals dismissed his appeal. See No 01-08-00346, (Tex. App. - Houston [First. Dist.], 2008, no pet.) (Not designated for publication). Applicant contends that his plea was involuntary because counsel told him he would get 35
years' imprisonment unless he pleaded guilty. He further alleges that the trial judge admonished him
that he would get life imprisonment unless he signed the State's plea agreement. Further, he alleges
that there should not have been a deadly weapon finding in this cause as he did not use the weapon
to commit a felony. He alleges that his two convictions for possession of a firearm by a felon
violates the Double Jeopardy Clause of the U.S. Constitution as he only possessed the weapon on
one occasion and that he therefore should only have been convicted once. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex
parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall
order counsel to file an affidavit addressing: (1) whether counsel advised Applicant that he could be
sentenced to 35 years' imprisonment unless he pleaded guilty; and, if so, (2) why counsel believed
that Applicant could be sentenced to 35 years' imprisonment; (3) whether counsel believed that the
deadly weapon finding was erroneous; and, if so, (4) why counsel decided not to object to the deadly
weapon finding; (5) whether counsel believed that the facts in this case supported two convictions
for unlawful possession of a firearm by a felon; and, if so, (6) why counsel believed that Applicant
could be tried and convicted for two offenses. The judgment contains a notation which indicates that
Applicant waived all his post-conviction appeals, including his right to file an 11.07 application for
a writ of habeas corpus. The trial judge shall supplement the record with information clarifying: (1)
whether Applicant waived all his post-conviction rights, including his right to file an 11.07
application for a writ of habeas corpus; and, if so, (2) whether Applicant was admonished as to the
consequences of said waiver. The trial judge shall also supplement the record with a copy of the
court reporter's notes from the plea hearing in this case. In the appropriate case, the trial court may
rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. Specifically, the trial judge shall make findings of fact as to
whether counsel advised Applicant that he would be sentenced to 35 years' imprisonment unless he
pleaded guilty. The trial judge shall also make findings of fact as to whether counsel believed the
deadly weapon finding was improper and, if so, as to why counsel decided not to object to the deadly
weapon finding. Further, the trial judge shall make findings of fact as to whether the two convictions
for unlawful possession of a firearm by a felon was based on the same possession of a firearm and,
if so, as to whether Applicant should have been convicted of both offenses. The trial judge shall
make findings of fact as to whether Applicant's judgment has been reformed to show that there was
only one unlawful possession of a firearm conviction and, if so, shall supplement the record with a
copy of the judgment nunc pro tunc. The trial judge shall also make findings of fact as to whether
Applicant waived his right to file post-conviction appeals, including an 11.07 application, and, if so,
shall make findings of fact as to whether Applicant was admonished as to the consequences of said
waiver. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing the
court reporter's notes from the plea hearing, all affidavits and interrogatories or the transcription of
the court reporter's notes from any hearing or deposition, along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date
of this order. Any extensions of time shall be obtained from this Court. 




Filed: December 10, 2008

Do not publish